**UNITED STATES of America, Appellee**

v.

**Hector ORJUELA, Jr., Appellant.**

**Nos. 14–3015, 14–3018.**

United States Court of Appeals, District of Columbia Circuit.

April 13, 2016.

Elizabeth Trosman, Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Jonathan Stuart Jeffress, A.J. Kramer, Tony Axam, Jr., Office Of The Federal Public Defender (FPD), Washington, DC, Warden (Mendota), Mendota Federal Correctional Institution, Mendota, CA, Appellant.

Hector Orjuela, Jr., Mendota, CA, pro se.

Before: TATEL and MILLETT, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

These appeals from the United States District Court for the District of Columbia's judgments were presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the judgments of the district court be affirmed.

After unconditional guilty pleas, Hector Orjuela was convicted of two counts of engaging in illicit sexual conduct in a foreign place under 18 U.S.C. § 2423(c) and one count of exploiting a minor for the purpose of producing child pornography under 18 U.S.C. § 2251(a). He was sentenced to fifteen years' imprisonment on each count, with the section 2423(c) counts running concurrently to each other and consecutively to the section 2251(a) count. Orjuela now challenges his convictions, arguing primarily that Congress lacks authority to criminalize noncommercial sexual conduct in foreign countries other than the direct destination of travel from the United States. Unconditional guilty pleas, however, typically waive all challenges to convictions. *United States v. Miranda,* 780 F.3d 1185, 1188 (D.C.Cir.2015). Recognizing this, Orjuela attempts to evade the waiver in two ways. First, he argues that his challenges cannot be waived because they go to the district court's jurisdiction. Second, he argues that his guilty pleas must be vacated because his counsel performed ineffectively by failing to challenge Congress's power to criminalize his conduct. Neither argument has merit.

As to the former, we have recently held that as-applied constitutional challenges, including those to Congress's authority under Article I to criminalize certain conduct, do not implicate the judiciary's subject-matter jurisdiction. That is because Article III vests federal courts with jurisdiction over cases " 'arising under ... the Laws of the United States,' " *id.* at 1189 (omission in original) (quoting U.S. Const. art. III, § 2, cl. 1), and Congress has vested district courts with original jurisdiction over " 'all offenses against the laws of the United States,' " *id.* (quoting 18 U.S.C. § 3231). Because Orjuela's challenges go to Congress's authority rather than the district court's, they do not overcome his unconditional guilty plea.

As to the latter, Orjuela has pointed to no case from this or any other circuit supporting his contention that Congress may criminalize illicit sexual conduct only in a country that is the direct destination of travel from the United States. Given (1) the unknown prospects of success of such a motion; (2) the strength of the government's case against Orjuela on the section 2251(a) count, which carried a mandatory fifteen year minimum sentence and would have survived regardless; and (3) the possibility of additional charges, Orjuela's counsel's focus on securing a favorable plea bargain rather than pursuing a highly debatable motion was not remotely incompetent. *See United States v. Hurt,* 527 F.3d 1347, 1357 (D.C.Cir.2008) (rejecting an ineffective assistance of counsel claim where there was nothing "obvious" about the merits of the argument the defendant claimed his trial counsel should have advanced).

To be sure, Orjuela argues that the evidence as to the section 2251(a) count, which the government obtained as a result

of his arrest on the section 2423(c) counts, must be suppressed if the section 2423(c) counts are overturned. He thus does not agree that the section 2251(a) count necessarily would have survived. But vacating Orjuela's section 2423(c) convictions would render neither his arrest on a warrant nor the associated search unlawful, thus leaving no basis to challenge the section 2251(a) conviction.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.